IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BRIAN CHARLES JONES,            )
                                )
            *Petitioner*,        )
      v.                         )
                                )    Civil Action No. 1:13-cr-284
UNITED STATES OF AMERICA,        )
                                )
            *Respondent*.        )

## MEMORANDUM OPINION

This matter comes before the Court on Petitioner Brian Charles Jones's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Dkt. No. 61. The motion has been fully briefed by the parties. For the reasons set forth below, the Motion is DENIED.

### I. Background

On August 29, 2013, Petitioner pleaded guilty, before the Honorable James C. Cacheris, United States District Judge, to Count One of the Indictment: conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846. This offense carried a sentence of five to forty years incarceration, a $5,000,000 fine, full restitution, a $100 special assessment fee, and at least 4 years of supervised release.

A presentence investigation report was drafted and the Government did not object to the Guideline calculations contained therein. In this report, Petitioner's base offense level was 26 under the Sentencing Guidelines. The Government sought a three-level increase for Petitioner's role as an organizer or leader of the conspiracy under U.S.S.G § 3B1.1(c), a three-level decrease for his acceptance of responsibility, and a two-level enhancement for obstruction of justice. These adjustments resulted in an offense level of 27. Petitioner had a Criminal History Category

1

of V and, absent the Career Offender Guidelines, Petitioner's Guideline range would be 120-150 months. However, the Government argued that since Petitioner qualified as a career offender under U.S.S.G. § 4B1.1(b)(2), Petitioner's offense level should be elevated to 31, in Criminal History Category VI, with a resulting adjusted Guideline range of 188-235 months.

Defense counsel objected to the career offender designation advocated for by the Government. At the sentencing hearing, the Court agreed with defense counsel and did not award points for career offender status. Defense counsel raised several other factors at the sentencing hearing regarding the nature and circumstances of the offense and the history and characteristics of the Petitioner, including injuries that allegedly led to Petitioner's illegal narcotics use and his difficult childhood. Petitioner personally argued at the sentencing hearing that the Court should not consider the obstruction of justice enhancement that he now contests. Petitioner argued that without this enhancement the Guideline range should be 100 to 125 months.

After considering all the arguments, the Court declined to apply the career offender designation. The Court, therefore, found an offense level of 27, which included the two level enhancement for obstruction of justice, and a Criminal History Category of V was appropriate. This resulted in a Guideline range of 120-150 months. However, the Court also applied the factors set forth in 18 U.S.C. § 3553(a), and departed below the Guideline range to sentence Petitioner to a 108 month term of incarceration with credit for time served.

The Presentence Report ("PSR") gives two reasons for the obstruction of justice enhancement, both related to a motion to dismiss the Indictment that Petitioner had filed on July 9, 2013. First, the PSR cited Petitioner's attempt to use two fabricated letters to get his case dismissed. Petitioner attached to the motion to dismiss copies of letters that he had purportedly

sent to the Warden of the Loudoun County Adult Detention Center ("LCADC") and the United States Attorney's Office requesting a speedy trial and a final disposition. Petitioner claimed that he mailed a letter to the Warden at the LCADC after he became aware that a federal detainer had been lodged against him while he was incarcerated at LCADC. Petitioner then became aware that another detainer had been filed against him by New York State. Petitioner was then transferred from LCADC to New York. It was while Petitioner was detained in New York that he purportedly sent a letter to the U.S. Attorney's Office for the Eastern District of Virginia seeking a speedy trial. The Court found it questionable that Petitioner had ever sent these letters as there was no record of either letter in the Petitioner's file. Petitioner argued in his motion to dismiss that one of his key witnesses who was going to testify in his favor, Mr. Norman Kerns, Jr., had recently died. He contended that had the Government prosecuted the case in a timely matter as he had requested in his letters, Mr. Kerns would have been able to testify on his behalf.

Second, in support of the obstruction of justice enhancement, the PSR cited the Petitioner's attempt to use a fabricated affidavit to get his case dismissed and Petitioner's inconsistent testimony regarding the fabricated affidavit. On August 16, 2013, the Court held a hearing on the motion to dismiss. The Government presented the testimony of Mark Dain, an inmate who had been incarcerated with Petitioner at the LCADC. Mr. Dain testified that the Petitioner had asked him to draft an affidavit in the name of Norman Kerns and to backdate the affidavit to precede Mr. Kerns' death. Mr. Dain further testified that Petitioner had another inmate mail the affidavit to a notary to backdate it and that Petitioner had told him he intended to use the affidavit in Court proceedings. Petitioner testified both before and after Mr. Dain. First, Petitioner denied having asked anyone to draft or backdate an affidavit for him. Then, after Mr. Dain testified, Petitioner admitted that Mr. Dain had prepared an affidavit on behalf of Mr. Kerns

3

but that he (the Petitioner) had torn it up and thrown it in the toilet. Petitioner thus provided inconsistent and contradictory testimony about the false affidavit. As stated above, the Court found this enhancement was appropriate.

## II. Discussion

The Petitioner seeks to vacate his sentence pursuant to 28 U.S.C. § 2255. A petitioner is entitled to relief under 28 U.S.C. § 2255 if he demonstrates either: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A sentence is "otherwise subject to collateral attack" where the petitioner's sentence was affected by "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (citations omitted); *Spencer v. United States*, 894 F. Supp. 2d 721, 724 (E.D. Va. 2012). On a motion to vacate, set aside, or correct a sentence pursuant to § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). In deciding a § 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* If the motion is brought before the sentencing judge, the judge may rely on recollections of previous events to dismiss the motion. *Blackledge v. Allison*, 431 U.S. 63, 74 n. 4 (1977).

Petitioner originally asserted two grounds for vacating his sentence: (1) the Court mistakenly applied the two-level enhancement for obstruction of justice; and (2) his counsel's assistance was ineffective because he failed to object and correct the Court's two-level enhancement for obstruction of justice. In a later filed letter, Petitioner added a third ground:

4

counsel failed to object at sentencing to the use of incriminating admissions made as part of a plea agreement under 1B1.8. The Government has not responded to this additional argument.

### (A) The Court's Mistake

Petitioner first asserts that the Court mistakenly applied the enhancement for obstruction of justice. The obstruction of justice enhancement applies when the "defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. "Obstructive conduct can vary widely in nature, degree of planning, and seriousness." U.S.S.G. 3C1.1 The Sentencing Guidelines give "a non-exhaustive list of examples of the types of conduct to which this enhancement applies," which includes "threatening . . . a co-defendant, witness, or juror," "committing, suborning, or attempting to suborn perjury," and "producing or attempting to produce a false, altered, or counterfeit document." *Id.* cmt. 4.

"For a sentencing court to apply the obstruction of justice enhancement based upon perjury, it must find, by a preponderance of the evidence, that the defendant when testifying under oath (1) gave false testimony; (2) concerning a material matter; (3) with the willful intent to deceive (rather than as a result of confusion, mistake, or faulty memory)." *United States v. Jones*, 308 F.3d 425, 428 n. 2 (4th Cir. 2002); see also *United States v. Dunnigan*, 507 U.S. 87, 92-98, (1993) ("[I]f a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice."). "If a district court does not make a specific finding as to each element of perjury, it must provide a finding that clearly establishes each of the three elements." *United States v. Perez*, 661 F.3d 189, 193 (4th Cir. 2011). The

5

Fourth Circuit has not mandated a similar requirement when the obstruction of justice enhancement is based on something other than perjury. However, the Fourth Circuit has stated that "a sentencing court must compare the defendant's conduct to the examples of qualifying and nonqualifying conduct listed in [the Sentencing Guidelines] Application Notes." *United States v. Jefferson*, 621 Fed. Appx. 757, 759 (2015) (citing U.S.S.G. § 3C1.1 cmt. 4(I)-(J)). The sentencing court need not, however, make a specific finding of willful conduct. *Id.* at 760. Rather, the "court's application of the adjustment contains an implicit finding of defendant's willfulness." *Id.*

The Court's discussion of the obstruction enhancement at the sentencing hearing was very succinct. In full the Court stated:

> Well, the obstruction charge, the Probation Office has a duty to independently investigate your background and the nature of the offense and certainly consider what occurred in our Pretrial hearings.
> So it's not the Government trying to be extra heavy. It's the Probation Office doing their duty because they have to report to the Court the complete nature of your past criminal history. And they did that. And the obstruction charge was properly added to your calculation of your Guideline range.
> And so, I am going to consider it and I should consider it in looking at -- looking at your past . . . .

Transcript Sentencing Hearing, Dkt. No. 60, at 19. It is not clear from the transcript whether the obstruction enhancement was based on the Petitioner's perjury, the fabricated letters, the attempt to obtain false affidavits, or all of these acts combined. The Court did not make the specific finding necessary if the obstruction enhancement was based on perjury. The Court also did not adopt the PSR in its entirety during the sentencing hearing. Thus, the Court cannot rely on the PSR's articulation of the reasons for the enhancement.

While the Court may have failed to make the necessary specific findings, Petitioner has waived this argument. Ordinarily, errors by the sentencing court in the application of the

sentencing guidelines should have been raised on direct appeal and "cannot be raised in a § 2255 proceeding absent extraordinary circumstances." *Mustapha v. United States*, 2005 WL 1667682, at *5 (E.D. Va. June 10, 2005). "Failure to raise the issue on direct appeal is considered a procedural default." *Id.* "This rule applies even where the defendant has waived his right to appeal," as Petitioner did here in his plea agreement. *United States v. Majid*, 196 Fed. Appx. 685, 686 (10th Cir. 2006) (citing *United States v. Frady*, 456 U.S. 152, 165 (1982)); *United States v. Smith*, 113 F. Supp. 2d 879, 898 (E.D. Va. 1999) (finding a "plea agreement [waiving right to appeal] does not bar application of the procedural default rule"); *see also United States v. Pipitone*, 67 F.3d 34, 37–38 (2d Cir. 1995) (finding plea agreement that bars appealing sentence was not "cause" justifying collateral review). In order to bring a procedurally defaulted claim on a § 2255 motion, "a convicted defendant must show both (1) 'cause' excusing his procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir. 1994) (applying the standard from *United States v. Frady*, 456 U.S. 152, 167-68 (1982), a case involving the failure to contemporaneously object to trial errors, to collateral challenges to unappealed guilty pleas).

To establish cause in order to excuse a procedural default, petitioner must point to "something external to the defense, such as the novelty of the claim or the denial of the effective assistance of counsel," that impeded the defendant in seeking an appeal. *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999); *Mobley v. United States*, 974 F.Supp. 553, 556 (E.D. Va. 1997). "Thus, for petitioners seeking to raise a new claim on collateral review, the 'cause and prejudice' standard creates a 'significantly higher hurdle than would exist on direct appeal.'" *Mobley*, 974 F.Supp. at 556 (citing *Frady*, 456 U.S. at 166). To show prejudice, the petitioner must demonstrate that the alleged error "worked to his *actual* and substantial

disadvantage, infecting his [sentence] with error of constitutional dimensions." *Frady*, 456 U.S. at 170 (emphasis in original). Demonstrating prejudice requires a petitioner to show a reasonable probability of a different outcome absent the alleged error. *Id.* at 172.

Petitioner has not satisfied either the cause or prejudice requirements. First, Petitioner has given no reason why he did not raise this argument on direct appeal. However, the Court notes that the Government did not raise the procedural default argument in its brief in opposition, so Petitioner has not been prompted to provide such a reason.

Second, Petitioner has not established that he suffered prejudice from the mistake. Even if the Court failed to make specific findings as to the obstruction of justice enhancement at sentencing that did not prejudice the Petitioner because had the Court made the specific findings, it would still have applied the enhancement. The preponderance of the evidence shows, and the PSR articulated, that Petitioner "attempted to obstruct or impede[] the administration of justice with respect to the investigation, [and] prosecution" of the offense he eventually pled guilty to. *See* U.S.S.G. § 3C1.1.

First, the Court finds Petitioner "produc[ed] or attempt[ed] to produce a false, altered, or counterfeit document" when he produced and attached to his motion to dismiss letters which he purportedly sent to the Warden of the LCADC and the US Attorney's Office. The Court finds these letters were not actually sent to the LCADC or the US Attorney's Office but that the Petitioner willfully claimed they were in an attempt to get his case dismissed under the Speedy Trial Act. These acts constitute an attempt to obstruct the prosecution of Petitioner's case through the production of false documents.

Second, the Court finds Petitioner "produc[ed] or attempt[ed] to produce a false, altered, or counterfeit document," when he asked Mark Dains to draft an affidavit from Mr. Kerns and

had a notary backdate the affidavit. Again, these acts constitute an attempt to obstruct the prosecution of Petitioner's case through the production of false documents.

Finally, the Court finds Petitioner "commit[ed], suborn[ed], or attempt[ed] to suborn perjury." Petitioner testified under oath at a hearing on his motion to dismiss. Petitioner first testified that he had not asked Mark Dains to falsify an affidavit for him. This statement was proved to be false by a preponderance of the evidence. Mark Dains, who the Court found more credible than Petitioner, testified that Petitioner had asked him to falsify an affidavit. Petitioner then testified again and admitted to doing so. The Court finds this was a material matter. The affidavit, purportedly drafted by Mr. Kerns before his death, if true, would have provided exculpatory evidence that would have impacted the prosecution or investigation of the case. Finally, the Court finds that the preponderance of the evidence shows that Petitioner lied on the stand with the willful intent to deceive, as the Petitioner provided inconsistent and contradictory testimony with regards to the production or existence of evidence that would have exculpated him.

Based on the evidence in the record, and as articulated above, the obstruction of justice enhancement was entirely proper. Thus, the Court's failure to specifically articulate the reasons for the enhancement did not prejudice the Petitioner. If Petitioner wanted these specific findings to be made, Petitioner should have raised this argument on direct appeal. The Court declines to grant this § 2255 motion to correct this error that did not result in prejudice and had no cause.

### (B) Ineffective Assistance of Counsel

Petitioner's second argument alleges that his counsel at sentencing provided him with ineffective assistance. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court articulated a two-part standard for evaluating claims of ineffective assistance of counsel. The

9

first prong of the *Strickland* test requires a showing that counsel failed to provide reasonably effective assistance; that is, that counsel's conduct fell below an objective standard of reasonableness in light of the circumstances at the time. *Id.* at 687-88, 690. The second prong requires the defendant to show prejudice. *Id.* at 694. Under this prong, the Petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* The burden of proving both prongs is on the petitioner who seeks to challenge the conviction. *Id.* at 696-97.

<u>(1) Reasonably Effective Assistance</u>

Petitioner first must show that his defense counsel failed to provide reasonably effective assistance when he failed to object to the obstruction of justice enhancement. Instead of objecting to the obstruction of justice enhancement, defense counsel chose to object to the career offender status and raise 18 U.S.C. § 3553 arguments. This decision was part of his overall strategy, which the Fourth Circuit has advised courts not to "second guess." *Williams v. Kelly*, 816 F.2d 939, 950 (4th Cir. 1987). Further, "[c]ounsel is not ineffective merely because he overlooks one strategy while vigilantly pursuing another." *Id.* Defense counsel chose not to object to the enhancement because he believed doing so would highlight to the Court undesirable factors that would negatively affect petitioner's sentence. This was a reasonable and strategic decision. Further, defense counsel did not believe that there were grounds on which to object to the enhancement, considering Petitioner's conduct. The record confirms that such an objection would have been futile because Petitioner attempted to obstruct justice multiple times. Thus, counsel's decision not to assert this futile objection was more than reasonable. *See id.*

Petitioner also added, in a letter to the Court received November 16, 2015, that defense counsel failed to provided reasonably effective assistance by failing "to object at sentencing to

10

the use of incriminating admissions made as part of a plea agreement under 1B1.8." In this

argument, Petitioner complains that the obstruction of justice enhancement was improper

because it was not included in the plea agreement and was based on self-incriminating

information he had provided to the Government pursuant to the plea agreement.  Petitioner

asserted that his counsel should have raised this point at sentencing.

> Section 1B1.8 provides:

> Where a defendant agrees to cooperate with the government by providing
> information concerning unlawful activities of others, and as part of that
> cooperation agreement the government agrees that self-incriminating information
> provided pursuant to the agreement will not be used against the defendant, then
> such information shall not be used in determining the applicable guideline range,
> except to the extent provided in the agreement.

U.S.S.G. 1B1.8.  The information that formed the basis of the obstruction of justice enhancement

was not "self-incriminating information provided pursuant to the agreement."  Petitioner

obstructed justice before he entered into the plea agreement.  The Government and the Court

were aware of these obstructive acts at the hearing on the motion to dismiss, held on August 16,

2013.  Petitioner then pled guilty on August 29, 2013.  Thus, the information that supported the

obstruction of justice enhancement is not covered by section 1B1.8 and could be used in

determining the applicable guideline range.

> In addition, while the plea agreement did not state that the Government would be

pursuing an obstruction of justice enhancement, it did explain that sentencing and the application

of the Sentencing Guidelines were within the power of the Court.  The plea agreement states:

> The defendant understands that the Court has jurisdiction and authority to impose
> any sentence within the statutory maximum described above but that the Court
> will determine the defendant's actual sentence in accordance with Title 18, United
> States Code, Section 3553(a).  The defendant understands that the Court has not
> yet determined a sentence and that any estimate of the advisory sentencing range
> under the U.S Sentencing Commission's Sentencing Guidelines Manual the
> defendant may have received  from the defendant's counsel, the United States, or

the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court.

. . .

The parties understand that these stipulations are not binding on the Probation Office or the Court. The parties have no agreement as to the applicability or inapplicability of any other sections of the Sentencing Guidelines.

Plea Agreement, Dkt. No. 41, 3-4. This language makes clear that other sections of the Sentencing Guidelines other than those listed in the plea agreement could apply. It was thus permissible, under the plea agreement, for the PSR to include, for the government to support, and for the Court to adopt an additional enhancement to Petitioner's base offense level for obstruction of justice.

As explained above, because the enhancement was permissible, and was not based on information covered by section 1B1.8, it was more than reasonable for defense counsel to decide not to object to the enhancement on these grounds.

### (2) Prejudice

Next, Petitioner must show that defense counsel's decision not to object to the enhancement prejudiced him. The Court finds Petitioner has not established that the result of the proceeding would have been different had defense counsel objected to the enhancement. First, Petitioner himself argued against the enhancement at the sentencing hearing. Therefore, the Court had the argument before it and had the opportunity to consider it in its decision. This would not have changed had defense counsel, as opposed to Petitioner, asserted the argument. Second, as discussed above, the motion was futile. The record shows that Petitioner attempted to obstruct justice and that the enhancement was proper. The Court still would have applied the enhancement even if defense counsel had objected.

12

Petitioner also asserts that he had difficulty communicating with defense counsel and that he was unable to review the PSR after it had been updated with new information. Defense counsel maintains that he communicated adequately with Petitioner over the phone and through the mail. Defense counsel specifically discussed the new information contained in the PSR with Petitioner. However, all of this is inconsequential because the Court did not consider the new information in the updated PSR at the sentencing hearing. Because the Court did not consider the information, Petitioner was not prejudiced by any gap in communication.

Because Petitioner has not established either prong of the *Strickland* test, the Court declines to grant the § 2255 Motion on the ground that defense counsel provided ineffective assistance to Petitioner.

### III. Conclusion

As outlined above, the Court finds that Petitioner has not established that he is entitled to relief under 28 U.S.C. § 2255 motion. Accordingly, the Court finds good cause to DENY Petitioners Motion to Vacate, Set Aside, or Correct Sentence. An appropriate Order will issue.

April 5, 2016
Alexandria, VA

/s/
Liam O'Grady
United States District Judge

13